AUGUSTA MEIER ET AL., APPELLANTS, V. HAROLD R. MEYER,.
APPELLEE.

43 N. W. 2d 503

Filed July 24, 1950.   No. 32838.

*Cranny & Moore,* for appellants.

*Pilcher & Haney,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,. ·
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Augusta Meier and Beulah Meier,.
plaintiffs and appellants, against Harold R. Meyer, de-
fendant and appellee, the purpose of which is to cause the·
defendant to be adjudged a trusteee for the benefit of
plaintiffs of certain funds received by him and that he be·
required to account therefor to the plaintiffs.   The cause·
was tried to the court and a decree entered dismissing the·
action of plaintiffs.   A motion for new trial was filed.
which was overruled.   From the decree and the order
overruling the motion for new trial plaintiffs have:
appealed.

This is a companion case to Meier v. Trosper, 152 Neb. 184, 40 N. W. 2d 811, and the facts in the two cases are very much alike. The background of the two cases is identical. The record discloses that one John H. Owens, known also as J. H. Owens and Jack Owens, induced plaintiffs to make a loan of $12,000. The loan was made on July 18, 1945. It consisted of checks amounting to $11,888.37 and an interest coupon of $111.63. In consideration of the loan Owens delivered to plaintiffs what purported to be a mortgage note of $12,000 with interest coupons attached, together with a real estate mortgage securing the same on a quarter section of land in Dodge County, Nebraska. The note and mortgage purportedly bore the signature of one James T. Maxwell. The signatures to all the instruments were forgeries.

On or about July 18, 1945, Owens had on deposit in the Omaha National Bank $275.84. On that day he deposited in this account the $11,888.37 he received from plaintiffs.

On or about August 6, 1945, Owens caused the account to be made a joint account with right of survivorship with his wife. She was known as A. C. Owens and also as Nan C. Owens and Anna C. Owens. Owens died on or about August 10, 1945.

On or about August 31, 1945, the said A. C. Owens drew a check against this account in favor of the defendant for $506.25. The check was deposited to the account of the defendant and paid by the Omaha National Bank out of funds which the record discloses Owens received from the plaintiffs.

The check was for refund of $500 together with interest of $6.25 on a contract which the defendant had with the Western Land Cattle & Loan Co., Inc., a corporation, for the purchase of land which was never consummated and which defendant was entitled to have refunded on demand.

The record clearly discloses that the transaction between Owens and the plaintiffs was fraudulent and that the $12,000 was obtained by fraud. The record also

discloses that of the amount received by Owens there is still due and owing much more than the amount of $506.25.

It is this amount which plaintiffs seek to recover in this action against the defendant. The theory of plaintiffs is that since the defendant received this payment out of the particular funds received by Owens from plaintiffs by fraud practiced upon them by him they are entitled in equity to have impressed upon the fund a constructive trust in their favor and to have judgment therefor against the defendant.

There can be little question about the fact that this case presents a situation calling for the application of the principle for which plaintiffs contend unless the defendant may be said to be in the position of a bona fide purchaser for value without notice or unless he by reason of the transaction involving the receipt of the $506.25 has in consequence changed his position with reference to Owens or his representative in relation to the claimed antecedent obligation.

"Where property, as here, has been acquired by fraud, equity, at the suit of the injured parties, will impress a constructive trust upon such property in their favor and, in the event of a prior transfer by the wrongdoer, will trace the property, if possible, through whatever mutations and impress a trust thereon in the hands of a third person, unless he be a bona fide purchaser for value and without notice. Cady v. South Omaha Nat. Bank, 46 Neb. 756, 65 N. W. 906; Allen Dudley & Co. v. First Nat. Bank, 122 Neb. 443, 240 N. W. 522." Meier v. Geldis, 148 Neb. 561, 28 N. W. 2d 140. See, also, Meier v. Geldis, 148 Neb. 304, 27 N. W. 2d 215; Meier v. Trosper, *supra.*

"An antecedent debt is not such consideration as to have the effect of cutting off the trust against funds applied to the satisfaction thereof even though the creditor acts in good faith and without notice where he has not changed his position in relation to the person from whom the fund was received." Meier v. Geldis, 148 Neb. 561,

28 N. W. 2d 140. See, also, Meier v. Geldis, 148 Neb. 304, 27 N. W. 2d 215; Meier v. Trosper, *supra*.

There is nothing in the record to disclose that the defendant with reference to this fund came into the situation of a bona fide purchaser for value without notice. This was simply the payment of an antecedent debt not even legally owing to him by Owens but by the Western Land Cattle & Loan Co.

The record does not show that the defendant in any way changed his situation so as to give rise to any equitable defense against the plaintiffs. No previous right that he had was in anywise impaired or destroyed. The liability in his favor still remained. The mere fact that on receipt of payment by check of the $506.25 he surrendered his contract could not operate to change his rights. Moreover the record in this case shows that this evidence was readily available. It is a part of the bill of exceptions herein.

The defendant asserts that the plaintiffs by reason of laches should not be allowed to succeed in this action. In this connection he says that they delayed until it was too late to file a claim against the estate of Owens. A sufficient answer to this is that there is nothing in this record to indicate that under any circumstance he would have been entitled to make a claim against the estate. The antecedent debt here was one of the Western Land Cattle & Loan Co. and not of Owens. The contention is without merit.

The remaining proposition to be considered is one which is novel and unusual to say the least. After the defendant received the check for the $506.25 he deposited it in his account and used the money for his own purposes or at least all except $26.78. He urges that if the plaintiffs may recover from him at all the recovery must be limited to that portion of the fund which was not used by him and which remained in his bank account after he was notified of the claim of plaintiffs.

The effect of the contention is to say that funds may

come into the hands of a constructive trustee and he may escape liability either to return the funds or to account therefor by dissipating them before notice of a call for an accounting.

He cited in support of the proposition the controlling authorities wherein the purpose is to trace and recover an identifiable fund. Neither the authorities cited nor any others sustain the contention.

The decree of the district court is reversed and the cause remanded with directions to enter judgment for the plaintiffs as prayed.

REVERSED AND REMANDED WITH DIRECTIONS.